CLERK
UNITED STATES DISTRICT
FEDERAL COURTHOUSE
1550 MAIN STREET, ROOM 539
SPRINGFIELD, MASSACHUSETTS
ZIP 01103-1422


RODOLFO E. LANDA-RIVERA,            CIVIL DOCKET

        Plaintiff,


vs.


MARLENE HUNTER, SPECIAL
AGENT IN CHARGE, FEDERAL
BUREAU OF INVESTIGATION
DEPARTMENT,

        Defendant.
_____

42 U.S.C. - 1983
CIVIL COMPLAINT
JURY TRIAL


    This action has been mentioned for the Federal Bureau

Defendant Marlene Hunter to give the Plaintiff, Mr. Rodolfo E.

Landa-Rivera, back his vehicle that has resulted in a violation

to the Plaintiff, Mr. Rodolfo E. Landa-Rivera's rights as secured

by the (14th) Amendment and the (5th) Amendment to the Constituti-

tion of the Constitution of the United States.

    These violations consisted of correcting a timely Order

where Defendant Marlene Hunter's unreasonableness and her

deprivation of the property and her denial of the due process,

which Defendant Marlene Hunter is a Special Agent that was in

charge of the San Juan District Office of the Federal Bureau of
Investigation of the F.B.I.. Defendant Marlene Hunter is also
responsible for the loss of property of the Plaintiff, Mr. Rodolfo
E. Landa-Rivera.

## Jurisdiction and Venue:

This case alleges many violations to the Plaintiff, Rodolfo
E. Landa-Rivera's rights secured under the (5th) Amendment of the
United States Constitution, therefore, this Court has jurisdiction
over this matter and this case since it's a federal question of
violation that involves civil rights redressable under 28 U.S.C.
§ 1331, following 28 U.S.C. § 1339(e) and for Waiver of Sovereign
Immunity contained in 5 U.S.C. § 702. Venue is proper is this
District under 28 U.S.C. § 1391(B).

Plaintiff, Mr. Rodolfo E. Landa-Rivera, have requested this
Court to declare the wrongful acts, that on May 23, 1997, the
Plaintiff, Mr. Rodolfo E. Landa-Rivera, was arrested by Special
Grand Agents. The Federal Agents took a black Honda from the
Plaintiff, Mr. Rodolfo E. Landa-Rivera.

The Plaintiff, Mr. Rodolfo E. Landa-Rivera's attorney argued
the wrongful acts of the F.B.I. that had no probable cause to
believe the Plaintiff, Mr. Rodolfo E. Landa-Rivera's vehicle and
currency had any connection to any illegal activity so as to
justify the warrantless seizure and the continued detention of
them.

Defendant Marlene Hunter was in charge of the Federal Bureau
of Investigation. Defendant Marlene Hunter is being sued for
$500,000.00 dollars for the violation of the Plaintiff, Mr.
Rodolfo E. Landa-Rivera's human rights and equal rights and her
performance of reckless conducts she have refused to provide
Plaintiff, Mr. Rodolfo E. Landa-Rivera, with a written statement
or notice whereabout the vehicle of the seizure contest or
proposed forfeiture, as required by the 19 U.S.C. § 1607(A) and
The Civil Asset Forfeiture Reform Act of 2000. Pub.L.No. 106. 18.
144. Stat. 202, which required Defendant Marlene Hunter to file
a forfeiture complaint not more than 90 days after the seizure
following her acts of unconstitutional and her administration
misconducts the Defendant Marlene Hunter is being sued; she knew
or should have known such conducts deprived the Plaintiff, Mr.
Rodolfo E. Landa-Rivera's rights.

Defendant Marlene Hunter is being sued that on April 13,
2001, the Honorable Judge Jose A. Fuste, issued an Order
Directing the Defendant, Marlene Hunter, to return to the
Plaintiff, Mr. Rodolfo E. Landa-Rivera's currency to his mother,
however, they have failed that part also from Judge Jose A.
Fuste's Order Directing the return of the vehicle.

In so doing the above act unconstitutional and judicial
misconduct, the Defendant, Marlene Hunter's judicial misconducts
deprive Mr. Rodolfo E. Landa-Rivera's rights.

Defendant Marlene Hunter is being sued for the (4th)
Amendment violation and the (5th) Amendment to the Constitution

- 3 -

of the United States. This civil suit is redressable under 28
U.S.C. § 1331.

CLERK
UNITED STATES DISTRICT
FEDERAL COURTHOUSE
1550 MAIN STREET, ROOM 539
SPRINGFIELD, MASSACHUSETTS
ZIP 01103-1422

RODOLFO E. LANDA-RIVERA,

      Plaintiff,

vs.

MARLENE HUNTER
IN CHARGE OF THE
FEDERAL BUREAU
INVESTIGATION DEPARTMENT,

      Defendant.

---

### JURISDICTION

Following the deprivation of rights secured by the (6th) Amendment, No person shall be deprived of life or liberty or property without due process of law the (7th) Amendment in this civil lawsuit pursuant to collecting $500,000.00 dollar where the value as compensation and restitutionary measure to the Plaintiff, Mr. Rodolfo E. Landa-Rivera.

Plaintiff, Mr. Rodolfo E. Landa-Rivera, is entitled to a hearing by the Defendant, Marlene Hunter's prejudice.

CLERK
UNITED STATES DISTRICT
FEDERAL COURTHOUSE
1550 MAIN STREET, ROOM 539
SPRINGFIELD, MASSACHUSETTS
ZIP 01103-1422

RODOLFO E. LANDA-RIVERA,

       Plaintiff,

vs.

MARLENE HUNTER, SPECIAL AGENT
IN CHARGE, THE FEDERAL BUREAU
OF INVESTIGATION DEPARTMENT,

       Defendant.

## VERIFICATION

Plaintiff, Rodolfo E. Landa-Rivera, reallege and state that 42 U.S.C. Section 1983, Obstructing Justice is true and correct to the best of my knowledge a copy of the Judgement Order is mailed to this Court.

- 6 -

The Plaintiff, Rodolfo E. Landa-Rivera, demands $500,000.00 dollar relief against Defendant Marlene Hunter. Defendant Marlene Hunter is being sued for theft and never returning the vehicle to the Plaintiff, Rodolfo E. Landa-Rivera's mother and my father and of this day, my mother and my father have constantly phoned Marlene Hunter and the Defendant, Marlene Hunter, is still lying to my mother and look at how maby years it has been and for my mother and my father to accept lies from her as a up right F.B.I. officer under false pretense and Defendant Marlene Hunter is being sued.

> Defendant Marlene Hunter
> United States District Court
> Courtroom 150
> Federal Building
> San Juan, P.R. 00918
> 1767

- 7 -

CLERK
UNITED STATES DISTRICT
FEDERAL COURTHOUSE
1550 MAIN STREET, ROOM 539
SPRINGFIELD, MASSACHUSETTS
ZIP 01103-1422


MR. RODOLFO E. LANDA-RIVERA,

       Plaintiff,                CIVIL DOCKET


vs.


MARLENE HUNTER
SPECIAL AGENTS
OF INVESTIGATION,

       Defendant.

---

### SUMMONS


    To the above Defendant Marlene Hunter, Special Agent for
the Federal Bureau Department of Investigation. You are hereby
summoned and required to serve upon Special Agent of the Federal
Bureau Department of the United States District, Federal Court-
House, 1550 Main Street, Room 539, Springfield, Massachusetts
01103-1422.

- 8 -

I UNDERSTAND THAT A FALSE STATEMENT OR ANSWER TO ANY QUESTION
IN THIS AFFIDAVIT WILL SUBJECT ME TO PENALTIES FOR PERJURY.

*Rodolfo Lanca*

SUBSCRIBED AND SWORN TO BEFORE ME THIS _23d_ DAY OF _November_

FCC Coleman, Florida Sumter County

Subscribed and sworn before me this
_23rd_ day of _November_, 20_04_.
_S. Scott / __ Scott_
Case Manager

Authorized by the Act of July 7, 1955, as
amended, to administer oaths (18 U.S.C. & 4004.)

let the applicant proceed without PRE-PAYMENT of
cost of the nessity of giving serveity therefore.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
                    Plaintiff,

        v.                          CRIMINAL NO.: ~~97-161~~ (JAF)
                                              97-110
RODOLFO LANDA-RIVERA,
                    Defendant.

---

### SECOND MOTION FOR RETURN OF PROPERTY

TO THE HONORABLE JOSE A. FUSTE
UNITED STATES DISTRICT JUDGE
DISTRICT OF PUERTO RICO:

        COMES NOW the defendant Rodolfo Landa-Rivera, by and through
the undersigned attorney, and respectfully states and requests from
this Honorable Court the following:

        1. On May 17, 1997, this defendant was arrested by the FBI in
connection to the indictment returned in this case.

        2. At the time of his arrest, the FBI seized a wallet with
personal documentation, a cellular telephone, a beeper, eight
thousand ($8,000) dollars in United States Currency, and a 1991
Blue Honda, from this defendant.

        3. On December 7, 2000, the plaintiff filed a motion directed
to this Honorable Court requesting that the currency and the
vehicle de returned.

        4. On April 13, 2001, this Honorable Court  issued an order
directing the FBI to return to the plaintiff all of his personal
items.

        5. On June 11, 2001, the FBI returned the currency, vehicle,
the wallet with personal documentation, a cellular telephone, and

Page -2-

beeper to his mother. However, they have failed to comply with that part of this court's order directing the return of the defendant's vehicle.[1]

6. In so doing the above acts of unconstitutional and judicial misconduct, the FBI knew, or should have known, such conduct deprived this defendant of his rights to be free from an unreasonable seizure of his vehicle, in that the defendant is lawfully entitled to be in possession of his vehicle, since this court directed the return of the vehicle, all in violation to this defendant's rights as secured under the Fourth and Fifth Amendments to the Constitution of the United States.

WHEREFORE, the defendant respectfully requests that this Honorable Court issue an order directing the government to return this defendant's vehicle forthwith, together with attorneys fees, and grant such other and further relief as may be deemed just and proper in this case.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico on this the 6th day of March 2002.

LUIS RAFAEL RIVERA, ESQ.
Attorney for the Defendant
Rivera Law Office

---

[1] We add that at the time the FBI returned this defendant's personal property to his mother, they represented that the vehicle would be returned that same week. Several subsequent telephone calls by this defendant's mother have remained unanswered.

Page -3-

Capital Center, Suite 401
Hato Rey, Puerto Rico 00918
Telephone:  (787) 763-1780
Facsimile:  (787) 763-2145

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and exact copy of the foregoing document was hand delivered to: the Office of the United States Attorney for the District of Puerto Rico,

LUIS RAFAEL RIVERA,    ESQ.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CIVIL NO.: 97-110 JUDGE::J.A.F.

RODOLFO LANDA-RIVERA
        Plaintiff,

v.

MARLENE HUNTER, SPECIAL AGENT
F.B.I. BUILDING ROOM 150
SANJAN, PUERTO RICO

Civil Action

| MANDATED CANON LAW VIOLATION |
| CLERK OF THE COURT |
| (A)(B)(A) VIOLATION |
| 28 U.S.C. 455(C1)(A)(B)(A) |
| 28 U.S.C. 2241 |

28 U.S.C. 2241
28 U.S.C. 1331(A)
28 U.S.C. 455
28 U.S.C. 3332(A)
REQUEST TO APPEAR
BEFORE THIS COURT

AFFIDAVIT FOR
MOTION FOR WRIT UNDER § 2241

**COMES NOW,** the Plaintiff, Mr. Rodolfo Landa Rivera ("Rivera"), and brings this Notice to this Court where the Rule 47 reference to the State Court and State Law include the District of Columbia Court Of Appeal and the Federal Supreme Court of the Commonwealth of Puerto Rico under 28 U.S.C. 1257 and 28 U.S.C. 1258 references in these rules to the commonwealth laws and Statutes of a State in the United States District Court for the District of Puerto Rico.

This Civil action, No. 02-1589 CCC has been mentioned before now and authorized by rule 28 U.S.C 1651(A) to justify the granting of this Writ where Rivera's Motion has been in aid of the Court and jurisdiction.

The circumstances of this matter fell upon the discretionary power of the ineffectiveness of Rivera's Court Order and the agency of the Defendant and the Prosecutor's defense of the F.B.I.

Rivera is still waiting for the notice justifying clearence of the judgment Order and that on this date, April 13, 2001, the

Honorable Judge, Jose A. Fuste, issued an Order directing the Defendant to return to Rivera his currency and his vehicle.

On June 11, 2001, the Defendant returned the currency to Rivera's mother. However, the Defendant has failed to comply with the Order in respect to the release of the vehicle. In not complying with the above Order as the Judge issued and Ordered as to the return of the vehicle, The Defendant has not considered to search for Rivera's property or to replace the value of the property.

If Rivera has to file this Motion to the Supreme Court of the District Court of Columbia in the Washington DC Circuit, He is going to raise an issue of more money because he believes and feels that a plot and a systematic scheme and a Government conspiracy is taking place because how can a Special Agent of the Federal Court not be open for a Federal Question because Rivera never received the vehicle.

Rivera draws the Court's attention as to the Article 2 of the definition that a State shall mean: a State of the United States, the United states of America (a) Territory or possession of the United States, the District of Columbia, and the Commonwealth of Puerto Rico. And, a Sending State shall mean: a State in which Rivera is incarserated at the time that the Honorable Judge Fuste initiated an Order which Rivera has already responded to the following disposition pursuant to following of 28 U.S.C. 2254 which the Court Order was in reply to, to the Defendant to state their reason.

### JURISDICTION

The Case No.: 03-1589 CCC alleges violations of River's Rights secured under the fifh and sixth and eighth amendments to the Constitution of the United States. Therefore, this Court has jurisdiction

tion over this case since this is a Territory pending matter of a

Federal question because Puerto Rico is included as United States

District of Columbia Court of Appeals and the Supreme Court of the

Commonwealth of Puerto Rico.  See: 28 U.S.C 1257 and 28 U.S.C. 1258

involving Civil Rights redressable under 28 U.S.C. 1331, 28 U.S.C.

1391(e) and (B); also: 5 U.S.C. 702, Venue.

28 U.S.C. 2241 following Rivera's request for Declaratory Relief

is authorized by 28 U.S.C. 2201, 28 U.S.C. 2202, and Rule 57.

For the record, on December 7, 2000, Rivera filed a Motion in

this Criminal Case No.: 97-110 under Fed.R.Crim. P. 28 U.S.C. 2241

requesting that the currency and Rivera's vehicle be returned.

### CLAIM FOR RELIEF

Rivera incorporates herein by reference the allegations in

paragraphs (1) through (16).  Such conduct by the Defendant is

indicative of reckless and intentional violation to Rivera's Con-

stitutional Rights by reason of the above stated.  This is a fact

that Rivera has suffered an unreasonable/measurable injury from

the denial of due process and deprivation of his property.

Rivera asks for relief against the Defendant in the following

Court Order and while  awaiting for the return of the vehicle that

was seized from him pursuant to the filing fee to proceed in this

Court was paid $150.00.  The record will show the fee was established

and paid to the Clerk of the Court.  Review December 7, 2000, under

28 U.S.C. 1914, to proceed informa Pauperis pursuant to 28 U.S.C.

1915.  Also, review that on April 13, 2001, where the manifestation

of the Court Order by Judge Fuste was issued an Order directing the

Defendant to return to Rivera his currency and the vehicle.  Rivera

argued on June 11, 2001, that the Defendant did not return the said

-3-

vehicle.  In doing so, violated the Order and failed to comply with that part of the Order which directed the Government to return the vehicle.

The Defendant and the Clerk have somehow caused a defect in the proceedings that attempt to start the proceedings back to the beginning where the Clerk instructed Rivera to pay another $150.00 filing fee to proceed in this Court.

Following the information filed in this Court has been paid: to the Attorney, Rivera's due process Rights have not expired under the Order to proceed informa pauperis as to the filing fee.  Now, the Court responds to Rivera to be compensated for the lost property in the amount of $14,000.00 which resulted from the violation of the Defendant.

Review Motion drafted by the Attorney for Rivera as to the withholding of property filed on 9/01/00 Docket #451 entitled "Motion for Return of Property.  Post-trial response thereto filed 12/13/00.

Before Judge Fuste: on May 23, 1997, when Rivera was arrested review December 7, 2000 when the Judge Ordered, by the request granted in the second Motion for Return of Property.

Review on April 13, 2001, the Court Ordered the F.B.I. to return to Rivera all of his personal items.

On June 11, 2001, the F.B.I. did not return the vehicle and Rivera and he did not have to pay a filing fee for proceeding when the default is held upon the Government to face the Burden of perjuring by stipulating to Rivera's mother that the vehicle would be replaced or returned that same week.  Several phone calls by Rivera's mother and several subsequent calls have remained unanswered. Rivera contends that he need not have to submit a filing fee or present

sent another request to proceed informa pauperis to proceed in this Court when Rivera's attorney has filed a second Motion to return the vehicle and while awaiting for a response.

The Federal question has been presented: Why should the plaintiff give $150.00 to the Clerk of this Court when the Cannon Law violation is not to be served upon the Judge Fuste pursuant to the (A)(B)(A) Bar Association? of the procedure of error when the Judge's Order the Defendant to return the vehicle and while the motion has not been solved the plaintiff has no reason to file another request for informa pauperis under 28 U.S.C. 2241 at this stage when a Writ of Mandamus would be essential.

Rivera alleges and stated through the Court Judge's Order on April 13, 2001 and correct without the Court judge or Clerk did not stipulate Rivera to submit $150.00 for a filing fee when this Judge Order the Defendant to return the vehicle bach over to Rivera.

When this stage has not expired for this proceeding, why would Rivera be required to pay again for the same proceeding?

Rivera still waits for a reply for the violation of the Court Order and Rivera was informed to file another informa pauperis while the initial Court Order has been directed and instructed to be returned to him.

Verification showing in this Draft reply Notice that if Rivera has to pay another $150.00 filing fee. Therefore, the plaintiff will ask this Court for more money because the first and second motion has not been settled when the languange of the Court Order has not been completed for a settlement, specifically $14,000.00. Why should the plaintiff have to appeal the issues when his attorney did not

-5-

receive the settlement Rivera still awaits for the response to
settle this matter once and for all and as he stated that he will
ask for more money if he has to file Civil Lawsuit based on Case no.:
03-1589 CCC.  For the record, Judge Carmen Consuelo Cerezo is not
the Judge that Order the Defendant to return the vehicle to Rivera.

   I understand that a false statement or answer to any question
in this affidavit will subject me to penalties for perjury.

                                    *Rodolfo E. Landa Rivera.*
                                    Rodolfo Landa-Rivera

   Subscribed and sworn to before me this 22ⁿᵈ day of ____
2004.

                    FCC Coleman, Florida Sumter County

                    Subscribed and sworn before me this
                    ____ day of ____, 20__
                    _____
                         Case Manager

                    Authorized by the Act of July 7, 1955, as
                    amended, to administer oaths (18 USC & 4004)

   Let the Application proceed without prepayment of Cost or
necessity of giving security therfore.

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO



**UNITED STATES OF AMERICA**

     VS.

**RODOLFO E. LANDA-RIVERA**

CRIMINAL NO. \_\_\_\_ 97-110 \_\_\_ (JAF)

---

## DESCRIPTION OF MOTION

| | | |
|---|---|---|
| DATE FILED:9/1/00 DOCKET: 451 | | TITLE: MOTION FOR RETURN OF |
| | | PROPERTY POST TRIAL (AND |
| [X] Government | [] Pretrial | RESPONSE THERETO FILED |
| [X] Defendant(s) | [] Probation | 12/13/00). |

---

## O-R-D-E-R

*Granted. See ¶7¶*

_____          _____
3/30/01                                         JOSE A. FUSTE
DATE                                             U.S. DISTRICT JUDGE

481

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO



United States of America

v

Rodolfo E. Landa-Rivera

CRIMINAL CASE: 97-110 (JAF)

| DESCRIPTION OF MOTION | | |
|---|---|---|
| DATE FILED: 9/1/00 | DOCKET #: 451 | MOTION by Rodolfo E. Landa-Rivera \|for Return of Property - Post Trial\| |

### O-R-D-E-R

*Government to express its views within 30 days*

_____    _____
11/14/00                      JOSE A. FUSTE
DATE                          UNITED STATES DISTRICT JUDGE

464

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO



United States of America

v.

Rodolfo E. Landa-Rivera

CRIMINAL CASE:  97-110  (JAF)

| DESCRIPTION OF MOTION | | |
|---|---|---|
| Date: | Docket #: 490 | MOTION by Rodolfo E. Landa-Rivera |for Return of seized vehicle| and |for Attorney Fees| |
| By: | | |

| O-R-D-E-R |
|---|

☐  GRANTED

☐  DENIED

☐  NOTED

☐  MOOT

OTHER:  _The matter should be pursued in a civil action._

3/25/02
**Date**

_[signature]_
**Jose A. Fuste**
**United States District Judge**

491