CLERK
UNITED STATES DISTRICT COURT
FEDERAL COURTHOUSE
1550 MAIN STREET, ROOM 539
SPRINGFIELD, MASSACHUSETTS
ZIP 01103-1422

FILED

3 A 10: 59

U.S. ____ COURT
DIS ____ OF MASS.

RODOLFO LANDA-RIVERA,

     Plaintiff,

vs.

MARLENE HUNTER, SPECIAL
BIENVENIDO PEREZ GONZALES
FEDERAL BUREAU AGENTS
OF INVESTIGATION DEPARTMENT
FBI BULDING, ROOM 150
SAN JUAN, PUERTO RICO,

     Defendants.

CA 04-12576-RCL

Civil No. 04-2349   JAF

Criminal No. 97-110

JUDGE: J.A.F.

---

**WRIT OF EXECUTION
COURT SETTLEMENT
TO COLLECT MONEY
42 U.S.C. § 1983**

---

COMES NOW, the Plaintiff, Mr. Rodolfo Landa-Rivera, which allege this motion upon acts of unconstitution at trial which aleges the following of the proceeding which the Plaintiff, Rodolfo Landa-Rivera was tried under Criminal No. 97-161 (JAF) before this Court proceeding pursuant to the unreolved matter and the circumstance which the Assistant U.S. Attorney claims that he was not aware of this motion.

Plaintiff Rodolfo Landa-Rivera shows different due to the facts of Docket Case No. 97-161 which a 1991 Honda was seized

from the Plaintiff Rodolfo Landa-Rivera connected with his arrest.

While at trial in Case No. 97-161, the U.S. Assistant asked questions about the vehicle and the currency that was seized from the Plaintiff Rodolfo Landa-Rivera on this date, May 23rd of 1997 when Plaintiff Rodolfo Landa-Rivera was arrested.

Plaintiff Rodolfo Landa-Rivera argues in this motion while the Defendant U.S. Attorney Assistant had knowledge of the trial proceeding that Honorable Judge Jose A. Fuste ordered each Defendant, including Defendant Marlene Hunter, to give the property back to Mr. Rodolfo Landa-Rivera's mother, Ms. Carmen M. Rivera, that on April 13th, 2001, Honorable Judge Jose A. Fuste issued an order directing the U.S. Attorney Assistant Defense to return to the Plaintiff Rodolfo Landa-Rivera, his currency and the Plaintiff Rodolfo Landa-Rivera's vehicle, and on the following of June 11, 2001.

On June 11, 2001, the Defendant returned Plaintiff Rodolfo Landa-Rivera's currency to his mother, however, the Defendant Ms. Marlene Hunter, have failed to comply with this part of Honorable Judge A. Fuste's Court order of directing the return of the Plaintiff Rodolfo Landa-Rivera's vehicle.

At trial, the Plaintiff, Mr. Rodolfo Landa-Rivera explained before now in the following transcript statement of facts who own the vehicle at trial the transcripts will show and prove

- 2 -

beyond a reasonable doubt before the jury that the Plaintiff Mr. Rodolfo Landa-Rivera bought a Honda vehicle, but at the time the Plaintiff Mr. Rodolfo Landa-Rivera was a fugitive and the idea came about my environment and surroundings and I couldn't be seen walking the streets being a fugitive, so I asked a friend of mines could I buy a car in his name, and I explained to him why.

The Plaintiff Rodolfo Landa-Rivera can not buy the car in his name because of circumstances being a fugitive; and can't be seen by the wrong people if ever stopped by the police the car in the name of Mr. Bienvenido Perez-Gonzales.

The document shows in the transcript proceeding the Plaintiff Rodolfo Landa-Rivera bought the car. At trial, the transcript proceeding will show that the Defendant, Mr. Bienvenido Perez-Gonzales did not own the vehicle nor reported a stolen vehicle or any radio calls following may look out for a stolen vehicle according to a license plate CRK-776, VIN 1HGCB7664MAO12164. The trial transcript proceeding will prove the facts that the Honda vehicle belong to the Plaintiff Mr. Rodolfo Landa-Rivera.

Now the Plaintiff Rodolfo Landa-Rivera asks this Court to review on April 13th, 2001 before the Honorable Judge Jose A. Fuste and the un-question order directing the U.S. Attorney Assistant Defense of Defendant Marlene hunter to return the

currency and the vehicle back to the Plaintiff Mr. Rodolfo
Landa-Rivera to the Plaintiff Rodolfo Landa-Rivera's mother,
Ms. Carmen M. Rivera.

Plaintiff Rodolfo Landa-Rivera aims to bring this civil
lawsuit to an end of $500,000 dollars because the Plaintiff
Rodolfo Landa-Rivera was arrested on May 23, 1997 and the Court
then should have returned the vehicle to the Defendant Mr.
Bienvenido Perez-Gonzales if that he was the owner of the vehicle
and that Defendant Mr. Beinvenido Perez Gonzales at no time owned
this vehicle and when the federal agents traced the license plate
in the first seizure from the Plaintiff, Mr. Rodolfo Landa-Rivera
May 23, 1997, the Defendant Mr. Bienvenido Perez-Gonzales did not
claim any vehicle other than that the vehicle belong to the
Plaintiff Mr. Rodolfo Landa-Rivera and that he only signed for
the Plaintiff Mr. Rodolfo Landa-Rivera which the Defendant,
Marlene Hunter had knowledge that Mr. Bienvenido Perez-Gonzales
only signed for the Plaintff Mr. Rodolfo Landa-Rivera and the
transcript proceeding at the trial did not show but one owner of
the vehicle and that was the Plaintiff, Mr. Rodolfo Landa-Rivera.

Plaintiff Rodolfo Landa-Rivera argues these dates and
whereabouts of Defendant Bienvenido Perez-Gonzales during the
course of the Plaintiff Rodolfo Landa-Rivera's trial which it
appears that the Defendants, Ms. Marlene Hunter would have
investigated the license plates and then questioned the

- 4 -

information and when she did question the Defendant Bienvenido
Perez-Gonzales, he only could explain that the registered
license plates, CRK-776, VIN 1HGCB7664MAO12164 was only his,
the license plates don't make the Defendant Bienvenido Perez-
Gonzales the owner of the vehicle and the other seized property.

The information gathered today from the F.B.I. on this
May 23 date of 1997 on this date, June 29, 2000, United States
Attorney Defense H.S. Garcia information reflected that the
vehicle has returned to its registered owner, Defendant
Bienvenido Perez-Gonzales on June 29, 2000.


Following June 29, 2000, the Attorney Assistant Defense
Counselor claims that the vehicle was returned to its registered
owner: The Defendant Marlene Hunter was at my trial and she knew
that I was the owner and she knew that I bought the vehicle and
she knew that I got him to put the vehicle in his name and that
was the purpose my statements and now the U.S. Attorney
Assistant is making another conversation reference in his motion
that the Plaintiff Mr. Rodolfo Landa-Rivera is talking about
another vehicle when the Plaintiff Rodolfo Landa-Rivera is
talking about the vehicle that on May 23, 1997 when the agent
arrested Plaintiff Rodolfo Landa-Rivera.

It is of no sense that the prosecutor or the United States
Attorney Assistant Defense Counsel contact the FBI Apecial Agent

Marchand when Defendant Marlene Hunter Special Agent that was in charge and when she is the one being sued, or less he or her trying to get sued too!

What these Defendants, Marlene Hunter, relied on is the information contained in the court docket as to motions filed in the past and now the Plaintiff Mr. Rodolfo Landa-Rivera filed a $500,000. dollar civil lawsuit on the Defendant Marlene Hunter due to the age of this case the Plaintiff Mr. Rodolfo Landa-Rivera was never notified until December 3, 2004.

This civil lawsuit should be settled and the Plaintiff Rodolfo Landa-Rivera should be awarded the relief of $500,000. dollar due to the circumstance Ms. Marlene Hunter is still thinking that she can bamboozle the court system and she is responsible for my being in prison and she is a master player of schemes and plots and she is responsible for my witnesses not being at trial. It's a lot of dirty plays cops acting under the color of law.

This woman, Marlene Hunter, wants her way and in the true showing of fact, Defendant Marlene Hunter knew that the order from the Honorable Judge Jose Fuste and today they claim that they did not receive any information no later than September 25, 2004 as to this claims and that they was not aware of this motion until November 19, 2004 and the Assistant Defense Counsel

- 6 -

for the United States is still trying to bamboozle this Court.

As the Court Order direct the Attorney U.S. Assistant Defense for the Defendant Marlene Hunter claims check the case docket learning that Plaintiff Rodolfo Landa-Rivera's motion and the Court Order had remained unanswered until recently was a notice of appearance 42 U.S.C. § 1983 civil lawsuit.

This complaint does not seek for the returned vehicle or its estimated value from the Defendant Marlene Hunter Federal Bureau of Investigation because Defendant Marlene Hunter is being sued paragraph (1), based upon acts of unconstitutional misconduct and abusive and unwarranted law enforcement practices that have resulted in violations against the Plaintiff, Rodolfo Landa-Rivera's rights he is secured by the Fourth and Fifth Amendment Constitution, as these violations consists of the element (2) when Marlene Hunter disobeyed a Court Order by the trial Judge Honorable Jose A. Fuste on April 13, 2001.

Judge Jose A. Fuste did not order Defendant Marlene Hunter Special Agents on April 13, 2001 to direct her to give Defendant Bienenido Perez-Gonzales the Plaintiff Rodolfo Landa-Rivera's property or vehicle.

The Plaintiff Rodolfo Landa-Rivera's transcripts prove the language of each event that each element explained who owned the vehicle and who bought the vehicle and gave power of attorney and co-signed for the Plaintiff, Rodolfo Landa-Rivera.

- 7 -

The Plaintiff Rodolfo Landa-Rivera argues in his 42 U.S.C. § 1983 civil lawsuit that on April 13, 2001, again that Defendant Marlene Hunter Special Agents was ordered by direct to give the vehicle and the currency to the Plaintiff Rodolfo Landa-Rivera's mother.

Honorable Judge Jose A. Fuste on this date, June 11, 2001, Defendant Marlene Hunter return the Plaintiff Rodolfo Landa-Rivera's currency to his mother, Ms. Carmen M. Rivera and when she asked about the vehicle, the Clerk responded that it was taken or stolen, right then, if Defendant Marlene Hunter had gave the vehicle to Defendant Bienvenido Perez-Gonzales, she violated a judgment Order intentionally because the record reflects the trial proceeding where the Court Order directed the U.S. Assistant Attorney Defense Counsel to give the property back to the Plaintiff Rodolfo Landa-Rivera's mother the vehicle and the currency to Ms. Carmen Rivera.

In no Court Order did the Court direct the Defendant Marlene Hunter to direct the vehicle other than the Judge Jose A. Fuste Order to give Ms. Carmen Rivera, mother of the Plaintiff, Rodolfo Landa-Rivera.

Plaintiff Rodolfo Landa-Rivera can prove by the trial court or any jury opinion and decision that were made after hearing the evidence of the vehicle Defendant Marlene Hunter can not prove by a judge Jose A. Fuste Order direct her to give the vehicle to the Defendant Bienevido Perez-Gonzales even if

- 8 -

his license plates was on my car she should have followed the
instruction on the Court Order or notified the Plaintiff
Mr. Rodolfo Landa-Rivera or the Defendant Ms. Carmen M. Rivera,
as instructed by the Honorable Judge Jose A. Fuste.

This civil action 42 U.S.C. § 1983 alleges violations to the Plaintiff Rodolfo Landa-Rivera's rights secured under the (5th) Amendment of the Constitution. This Court has jurisdiction over this case since this is a federal question case involving civil rights, human rights and equal rights and protection of the rght to law and the rights redressable under 28 U.S.C. § 1331, 28 U.S.C. § 1391(e) waiver of sovereign immunity contained in Title 5 United States Code Section 702. Venue is proper in this district under 28 U.S.C. § 1391(b).

Plaintiff Rodolfo Landa-Rivera requests this Court to declare the acts and/or omissions of the Defendant Marlene hunter were unconstitutional under the United States Constitution and by the return of the Plaintiff Rodolfo Landa-Rivera vehicle and curency compensate Plaintiff Rodolfo Landa-Rivera of this $500,000 dollar civil lawsuit in a restitutionary measure for the violation to my constitutional rights and deter the Defendant Marlene Hunter from further participation in such unconstitutional acts and/or omissions in so doing an order were made directing the Defendant Marlene Hunter to return the vehicle to the Plaintiff Rodolfo Landa-Rivera's mother.

The order directed mr. Marlene Hunter and she refused to obey the Court order. She disrespected my mother and she disrespect my father with lies and false information when she called on the phone and require about the vehicle which

- 10 -

violated the due process rights a declaratory judgment that the Federal Bureau of Investigation acts of deprivation aggrieved persons of their property without a personal written notice as contemplated in 19 U.S.C. § 1607(A) and 18 U.S.C. § 983(A) (1)(A)(i) thereafter fail to return vehicle as directed by the Honorable Judge Jose A. Fuste of the United States District Court is violatives of the Plaintiff Rodolfo Landa-Rivera's due process secured under the (4th) Amendment and (5th) Amendment.

In so doing the above act of unconstitutional adminstrative misconducts, the Defendant Ms. Marlene Hunter knew that disobeying a Court Order is a violation known as the result best described recklessness misconducts that deprived a constitutional statute and Amendment (14th) due process right and this result to the Plaintiff Rodolfo Landa-Rivera had never been provided with reasonable opportunity to be heard and contest the proposed forfeiture of the currency and vehicle, all in violation of this civil lawsuit $500,000.00 dollar the F.B.I. failed to comply with its statutory duty under 18 U.S.C. § 983 (A)(1)(F), Sec.(2)(A)(1)(A) and (V) of the Civil Asset Forfeiture Reform Act of 2000, Pub.L. No. 106-185 144 Stat. 202 to return the Plaintiff Rodolfo Landa-Rivera's vehicle is no notice of seizure is within 60 days of the seizure, all in violation to the Plaintiff Rodolfo Landa-Rivera's rights as secured under the (4th) and (5th) Amendment to the Constitution

- 11 -

of the United States redressable under 28 U.S.C. State Code 1331.

The Plaintiff Rodolfo Landa-Rivera, on December 7, 2000, filed a motion in Criminal Case 97-110, Judge Jose A. Fuste under Federal Rule of Criminal Procedure, Rule 41 requesting that his currency and vehicle be returned.

The trial judge Jose A. Fuste responded on April 13, 2001, directing by Court Order to return the vehicle and currency to the Plaintiff Rodolfo Landa-Rivera.

The Defendant Marlene Hunter continues to avoid the Order there is no other claims for relief by reason of the order of the above-stated outrageous misconducts. Defendant Marlene Hunter is indicative of reckless and intentional violations of the Plaintiff Rodolfo Landa-Rivera's constitutional rights.

This Court must take heed in this techmical understanding from the time of trial proceeding in addition of the specific element of the judge Mr. Jose A. Fuste and the jury clear evidence that the Plaintiff Rodolfo Landa-Rivera owns the vehicle and the business agreement by the true record made in the book of trial transcripts as entitle to possess the same vehicle while the Judge Jose A. Fuste Order direct to give the Plaintiff Rodolfo Landa-Rivera's mother, Ms. Carmen M. Rivera, the vehicle.

In this motion, the Plaintiff Rodolfo Landa-Rivera do not

want the vehicle because its old now, that is a $500,000.
dollar lawsuit.

The Plaintiff Rodolfo Landa-Rivera raise to this Court
to allow this Settlement Civil lawsuit be argued before the
trial judge Jose A. Fuste. This has been an ongoing relevant
subject matter and will suffer more with this relevant and
outrageous reckless conduct. This is a $500,000. dollar civil
lawsuit.


The Plaintiff Rodolfo landa-Rivera will continue to suffer
these false outrageous motion respond when each element were
argue before the Judge Jose A. Fuste. There is no way the
Plaintiff Rodolfo Landa-Rivera should continue to suffer a
reasonable constitutional injury while the Defendant Ms. Marlene
Hunter knew about the Court Order and in this section when the
Defendant Ms. Marlene Hunter failed to provide Plaintiff Rodolfo
Landa-Rivera with a personal written notice of the seizure
together with the information on the application procedures to
contest the seizureor proposed forfeiture as required by the
19 United States Code Section 1607 (A) and the Civil Asset
Forfeiture Reform Act 2000, Pub.L. No. 106-185  144 Stat 202,
which required the F.B.I. to file a forfeiture complaint not
more than 90 days after the seizure.

In so doing the above act of unconstitutional and

- 13 -

administrative misconduct, Defendant Marlene Hunter is being sued of the amount of $500,000. dollar for violation of 28 U.S.C. 2241 Statutes and being sued for know concerned of 42 U.S.C. § 1983 and being sued for violating the laws under 28 U.S.C. § 1257.

Defendant Marlene Hunter is being sued in this civil action Case No. 02-1589 CCC authorized by Rule 28 U.S.C. 1651(A) to justify the granting of this Court Order where Plaintiff Rodolfo Landa-Rivera 42 U.S.C. § 1983 have been in aid of the court and jurisdiction the circumstance of this matter fell upon the discretionary power of the ineffectiveness of the Plaintiff Rodolfo Landa-Rivera Court Order.

Defendant Marlene Hunter is being sued for her own self destruction and the agency of the Defendant U.S. Assistant Ms. Marlene Hunter. The prosecutor's Defendse of the F.B.I. U.S. Attorney is also responsible for not forcing the Court Order as directed.

Defendant Marlene Hunter is being sued for violation of Judge Jose A. Fuste Court Order to return the property back to the Plaintiff Rodolfo Landa-Rivera's mother, including the vehicle to Ms. C. Rivera, which is the mother of the Plaintiff Mr. Rodolfo Landa-Rivera on December 7, 2000.

- 14 -

Defendant Marlene Hunter is being sued for another Order directing her on this date, April 13th, 2001, directing the F.B.I. to return again the vehicle to the Plaintiff Rodolfo Landa-Rivera's mother, Ms. Carmen M. Rivera.

Defendant Marlene Hunter is being sued on June 11, 2001, the F.B.I. returned the currency and vehicle to the Plaintiff Ms. Rodolfo Landa-Rivera's mother, Ms. Carmen M. Rivera. Defendant Marlene Hunter have failed to reply or comply with the vehicle all in violation of the Plaintiff Rodolfo Landa-Rivera's rights as secured under the (4th) Amendment and Fifth Amendment.

For the relief of this $500,000 dollar civil lawsuit, the Plaintiff Rodolfo Landa-Rivera respectfully requests that this Honorable Court Judge of the United States District Federal Courthouse 1550 Main Street, Room 539, Springfield, Massachusetts, Zip 01103-1422 for the relief to settle this Writ of Execution Settlement.

Plaintiff Rivera ask this Court to grant this motion and force this Defendant Marlene Hunter to grant the Plaintiff Rodolfo Landa-Rivera the amount of $500,000 dollar settlement or present you the document by the Honorable Judge Jose A. Fuste that direct her to give my vehicle to the Defendant, Mr. Bienvenido Perez-Gonzales other than the Plaintiff Rodolfo

- 15 -=

Landa-Rivera or Rodolfo Rivera's mother, Ms. Carmen M. Rivera.

This Court has authority and jurisdiction of venue to trat this matter and force upon the United States District Court of Puerto Rico to force the Honorable Judge Jose A. Fuste to settle this $500,000,dollar civil lawsuit.

Even said in such motion, my attorney Mr. Luis Rafael Rivera have add that at the time the F.B.I. returned the Plaintiff Rodolfo Landa-Rivera his vehicle.

Plaintiff Rodolfo Landa-Rivera demands a trial upon an order Directing the return of the Plaintiff Rodolfo Landa-Rivera's vehicle and the failure to prohibit this information.

In the laws of Congress of our National Capitol Law Writer and under the statutes 22-1121 disorderly conducts whoever with the intent to provoke a breach of the peace may be occasioned thereby acts in such a manner as to annoy or disturb or interfere with obtruct or be offensive or congregates with other plots and schemes following the definition Section 22-711 a jury means any petitioner or plaintiff select a summoned as a prospective jury official action means any decision or opinion recommendation by judgment vote or other conducts that involves an exercise of discretion official duty also means any requirement that doesn't involve an exercise of

- 16 -

discretion on the part of the servant in this sense order directing official duty.

Official proceeding means any trial or having a judgment order directing other proceeding such as the U.S. Assistant United States Attorney Defense in any agency Department Federal or State or the District of Columbia Government.

The term public servant includes any person who has been elected, nominated or appointed by order direct the term do not include an independent contract.

The Plaintiff Rodolfo Landa-rivera asks this Court to subpoena the Defendant Ms. Marlene Hunter and the Defendant U.S. Assistant Attorney defense and the Defendant Mr. Bienevido Perez-Gonzalez and also subpoena the Plaintiff Rodolfo Landa-Rivera back before Juste Jose A. Fuste for the reason the Plaintiff Rodolfo Landa-Rivera have the right to have this lawsuit entertained by the Judge Jose A. Fuste because this is the trial judge that issued the Order directing the information the Plaintiff Mr. Rodolfo Landa-Rivera have all the documents Section 22-2514 District of Columbia Code pursue to false statement and the penalty required by law even in Section 22-2513 the Plaintiff Rodolfo Landa-Rivera ask this Court to settle this $500,000.dollar lawsuit as to falsifying documents and testimony required under Chapter 25 as to penalty for filing application or report pursuant to

- 17 -

Chapter 7 of Title 2 containing false statement. See Section 2-712 as to unlawful acts by professional engineers. See Section 2-2314 as to false or misleading filing under Chapter 26 of Title 2-2608 as to prohibited acts as to fraud in obtaining public assistant.

The Plaintiff Rodolfo Landa-Rivera have the right to trial and to have each Defendant Marlene Hunter and the Defendant Bienevido Perez-Gonzales to be subpoenaed to trial for the reason of accepting property that he does not own without a right element of the offense to find the Defendant Bienevido Perez-Gonzales guilty of attempted to take and keep property belonging to the Plaintiff Mr. Rodolfo Landa-Rivera without rights under this section and 22-103, the finder of facts must have found beyond a reasonable doubt that Defendant Marlene Hunter with direct information take and carry away the Plaintiff Rodolfo Landa-Rivera property.

The elements offense and the documents of the Plaintiff Rodolfo Landa-Rivera's trial shows the finder of facts the Order by the Judge Jose A. Fuste.

The judgment Jose A. Fuste Order direct clear the facts of finding that her attempt do not stand or outweigh the Judge Jose A. Fuste's Court Order directing her to give the vehicle back to the Plaintiff Mr. Rodolfo Landa-Rivera's mother, Carmen M. Rivera.

- 18 -

The Order directs the specific meaning which the Defendant Bienevido Perez-Gonzales's name was not an issue by Order to receive the vehicle without the rights to do so beyond a direct order. Wormsley v. United States, App. D.C. Code 526 A.2d 1373 (1987).

This section does not require proof that Defendant Marlene Hunter took the vehicle from the rightful possessioner of complainant the Plaintiff Rodolfo Landa-Rivera's rights are protected by Tibbs v. United States, App. D.C. Code 507 A.2d 141 (1986) 333rd degrees clearly explained the result electricly continues on the following, maybe taken away within the meaning of this section. United States v. Gray, 115 WLR 265, Super Ct. Criminal Jury Instruction for the District of Columbia No. 4.68 3rd Edition (1978) which lists as the first element of the offense of taking property without right from the possession of the claimant by the Court Order directing the Defendant Marlene Hunter, which have never been approved by the appeal and hereby expressly disapproved. See Tibbs v. United States, App. D.C. Code 507 A.2d 141 (1986).

See Burden of Proof the Government Defendant Marlene Hunter and the Defendant U. S. Attorney        must prove beyond a reasonable doubt that the accused lacked authority from the rightful owner of the property. Craig v. United States, App. D.C. Code 490 A.2d 1173 (1985).

Judge Jose A. Fuste's Court Order directing the Plaintiff Rodolfo Landa-Rivera's mother Carmen M. Rivera to have her son property and vehicle this document of the Order directing Defendant Marlene Hunter to give the property to the Plaintiff Rodolfo Landa-Rivera's mother.

Now the Plaintiff Rodolfo Landa-Rivera doesn't want the vehicle now because its no good, it's old. The Plaintiff, Mr. Rodolfo Landa-Rivera wants $500,000 dollar settlement because the evidence is sufficient enough to support a conviction of her attempt of false pretense and acting under the color of law when she has not confused of her action.

If the Plaintiff, Mr. Rodolfo Landa-Rivera has to go to Washington, D.C., the Plaintiff Rodolfo will ask for more money and this Court should grant a Writ Ad Sequendum or subpoena each Defendant.

CLERK
UNITED STATES DISTRICT COURT
FEDERAL COURTHOUSE
1550 MAIN STREET, ROOM 539
SPRINGFIELD, MASSACHUSETTS
ZIP 01103-1422

RODOLFO LANDA-RIVERA,

   Plaintiff,

            Civil No.

vs.           Criminal No. 97-110

            JUDGE: J.A.F.

MARLENE HUNTER
SPECIAL AGENT
OF INVESTIGATION
FEDERAL BUREAU DEPARTMENT,

   Defendant.

---

## S U M M O N S

To the above-named Defendant Marlene Hunter, Special Agent for the Federal Department of Investigation. You are hereby summoned and required to be serve upon this $500,000. dollar civil lawsuit of this motion 42 U.S.C. § 1983 Writ of Execution to collect my settlement I ask this Court to grant this motion.

I understand that a false statement or answer to any question in this affidavit will subject me to penalty for perjury. _Rodolfo E. Landa Rivera._ _____

FCC Coleman, Florida Sumter County

Subscribed and sworn before me this 22nd day of _December_, 20_04_

S. Scott _____
Case Manager

Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 USC & 4004.)

Subscribe and sworn to before me this 22nd day of _December_ _____ 2004

Let the Applicant proceed
without pre-payment of cost
of the necessity of giving
service therefore.

24

CLERK
UNITED STATES DISTRICT COURT
FEDERAL COURTHOUSE
1550 MAIN STREET, ROOM 539
SPRINGFIELD, MASSACHUSETTS
ZIP 01103-1422

RODOLFO LANDA-RIVERA,

        Plaintiff,

vs.

MARLENE HUNTER, SPECIAL AGENT,
BIENVENIDO PEREZ GONZALEZ
FEDERAL BUREAU AGENTS
OF INVESTIGATION
DEPARTMENT OF JUSTICE
FBI BUILDING, ROOM 150
SAN JUAN, PUERTO RICO,

        Defendants.

Civil: 04 - 2349  (JAF)

Criminal: 97-110

Judge: J.A.F.

**ATTACHED IS AN AFFIDAVIT
IN SUPPORT OF THIS MOTION LETTER**

    I presently informed this Court to this very stage of the Plaintiff Mr. Rodolfo Landa-Rivera's investigation as to the whereabouts of the Plaintiff, Mr. Rodolfo Landa-Rivera's vehicle and the following response in relation of a totally, direct order violation that was not issues for Defendant Special Agent Ms. Marlene Hunter, Special Agents of the Federal Bureau Agent to give the Plaintiff, Rodolfo Landa-Rivera's property to Defendant Mr. Bienvenido Perez Gonzalez.

    Following the recommendation of Defendant Marlene Hunter's responsibility directly of by the influence of prohibited acts is a penalty under Section 22-722 D.C. Code.

The investigation will show and prove that this scheme and plots will explore that Defendant Mr. Bienvenido Perez Gonzalez have sold the Plaintiff's property to a Defendant Benjamin Navarro Vazquez.

The acts of Defendant Marlene Hunter's capacity by failure to apply a direct court Order, place the burden of her obligation and security at risk. As stated in the draft motion to settle this $500,000 dollar civil lawsuit, the vehicle as stated is no more good and the Plaintiff, Rodolfo Landa-Rivera, does not want the vehicle and the trial court transcript will explain the owner of the vehicle and this is why the Court Judge Mr. Jose A. Fuste Order a direct Order to give the Plaintiff Rodolfo Landa-Rivera his vehicle.

Following 22-71, Definition for the purpose of this subchapter: the opinion and the decision have been recommended by the jury and the Judge Jose A. Fuste. Therefore, Defendant Marlene Hunter has no other acts of official duty and no other means as required and which did not involve her to exercise any other conduct. No more than Judge Jose A. Fuste's Official Court Order directing the jury proceeding and the trial order.

By the jury, the Plaintiff, Rodolfo Landa-Rivera, have had a hearing and decision have been clearly handled by the Judge Jose A. Fuste. Note: The United States U.S. Assistant Attorney was so aware and notified that the same Order directing the

- 2 -

property to be returned to the Plaintiff Rodolfo Landa-Rivera
and claims that this response was falsely contradictory because
the date, 6-11-2001 the Order directing Defendant Marlene Hunter
were mentioned before the date of November 5, 2004.

The Plaintiff, Rodolfo Landa-Rivera argues before any of
these dates, August 3, 2004 and argue before September 8, 2004
and argued way before September 25, 2004.

This matter will show that the Plaintiff's Civil Action
No. 03-1589 CCC that on October 31, 2003, that this case have
been mentioned before the Judge Carmen Consuelo Cerezo. Clerk
advised the Plaintiff to send them $150.00 when Judge Jose A.
Fuste have already Order direct to give the Plaintiff Rodolfo
Landa Rivera back the vehicle when the Plaintiff Rodolfo Landa-
Rivera have paid the Court fee with a paid lawyer.


In the following respond this Court Clerk Court U.S.
Asistant Defense Counsel had to know and confronted with the
Honorable Judge Jose A. Fuste Direct Order to give the Plaintiff
Rodolfo Landa-Rivera's mother the vehicle that alleged after
trial. Even in the second form and after the second motion were
filed by the Plaintiff, Attorney mr. Luis Rafael Rivera, for the
return of the Plaintiff's property which was explained on May
23 , 1997 even on December 7, 2000, directing this Honorable
Court to return the vehicle which was already Order direct by the

- 3 -

sentencing judge, Honorable Jose A. Fuste.

On April 13th, 2001, the court judge Mr. Jose A. Fuste, issued another order directing the F.B.I. to return all of the property to the Plaintiff. This Court, Judge Carmen Consuelo Cereze had knowledge of the Plaintiff, Judge Jose A. Fuste Court Order direct and Judge Carmen Consuelo Cerezo cannot overrule a Judge's Order and decision by jury.

Because instruction of the trial information was never returned to the Plaintiff's mother, Ms. Carmen M. Rivera, comes now the Plaintiff Rodolfo Landa-Rivera, close this letter motion and for this court to review the transcript proceeding and the owner of the vehicle and the review of the Order directing the Court to give the vehicle to Ms. Carmen M. Rivera, there was no Court Order directing H.S. Garcia, United States Attorney, to give the vehicle to the Defendant Bienvenido Perez Gonzales and there were no order directing Attorney jose Mr. Jose Ruiz-Santiago Assistant United States Attorney to give the Defendant Bienvenido Perez Gonzales a direct Order to give the vehicle to the unassigned Defendant Bienevido Perez Gonzalez the property and what right did the Defendant Bienevido Perez Gonzales to consider that he can sale my vehicle.

On June 11, 2001, the F.B.I. falsely perjured on this date

- 4 -

that the F.B.I. returned the currency, vehicle, and wallet with personal documentation, a cellular telephone, and beeper to the Plaintiff, Rodolfo Landa-Rivera's mother, Ms. Carmen Rivera, and on this same date, 6-11-2004, shows that the Court had bamboozled the Ordering directing to give the property to the Plaintiff Rodolfo Landa-Rivera's mother, Ms. Carmen. M. Rivera.

The Plaintiff has proved to this Court the acts of false pretenses to the Government cannot prove other than the burden of fact that Defendant Marlene Hunter is responsible for the Cort Order being misrepresented with having knowledge of the Judge's Order directing the agents to give the vehicle back to the Plaintiff Rodolfo Landa-Rivera's mother, Ms. Carmen M. Rivera.

Ms. Carmen M. Rivera, on this date, 6-11-2001, the Defendant marlene Hunter and from this date, 6-11-2001, Defendant Marlene Hunter is being sued for $500,000 dollar each and all Defendants is being sued of their falsity intent of defrauding that relief on the misrepresentations and that the Defendant Bienvenido Perez Gonzales obtained title to something value as a result os the Plaintiff Rodolfo Landa-Rivera's vehicle. See Blackledge v. United States, App. D.C. 447 A.2d 46 (1982), pursuant to the false pretense by the following date, 6-11-2001, the Plaintiff, Rodolfp Landa-Rivera supports his claims with proof and of the law because the Court have already prove that Defendant Marlene Hunter can be convicted for the crime of false pretense and the

- 5 -

Defendant Bienevido Perez Gonzales and the Government can convict
the other Defendant Mr. Benjamin Navarro Vazquez based upon a
scheme and a plot with knowledge of it falsity to defraud because
false pretense can be shown of misrepresentation that relate
wth a court order to the existing and past facts and a false
promise to produce the vehicle to the Plaintiff's mother, Ms.
Carmen M. Rivera.

The documents will reveal each dates of Honorable Judge
Jose A. Fuste's Order following the U.S. Assistant Attorney
scheme and plots were as false pretenses and false representations
may be oral or written or it may be implied from conducts. See
Blackledge v. United States, D.C. 447 A.2d 46 (1982).

The Plaintiff, Rodolfo Landa-Rivera waits for this Court
to grant the $500,000 dollar and waits for a Court Settlement
for the amount of $500,000 dollar the Plaintiff asks this Court
to settle of the said amount based upon the Court Order for the
records Judge Carmen is not the judge that Order the direct
Order to give the Plaintiff back the vehicle to the mother of
the Plaintiff Rodolfo Landa-Rivera and this case has to be
filed to Washington, D.C., I'm asking for more money.

- 6 -

CERTIFICATE OF SERVICE:

I, Plaintiff Rodolfo Landa-Rivera, hereby certify that a true
copy of the foregoing document was hand delivered to the
staff here at this prison and notarized for this Court.


                              Clerk
                              United States District
                              Federal Courthouse
                              1550 Main Street, Room 539
                              Springfield, Masaachusetts
                              Zip 01103-1422

- 7 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RODOLFO LANDA-RIVERA,
      Plaintiff,

      v.

MARLENE HUNTER, SPECIAL AGENT
IN CHARGE, THE FEDERAL BUREAU
OF INVESTIGATIONS; AND ONE
1991 BLUE HONDA,
      Defendants.

CIVIL NO.: 97-116

Judge  J.A.F.

....

CIVIL RIGHTS COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF FOR
DUE PROCESS VIOLATION

TO THE HONORABLE COURT;

    COMES NOW the plaintiff, Rodolfo Landa-Rivera, proceeding pro-
se, and respectfully alleges the following:

### I. INTRODUCTION

    1.  This complaint seeks the return of the defendant-vehicle
or its estimated value from the defendants, Federal Bureau of
Investigations, based upon acts of unconstitutional misconduct,
and abusive and unwarranted law enforcement practices, that have
resulted in violations to the plaintiff's rights as secured by the
Fourth and Fifth Amendments to the Constitution of the United
States. These violations consist of, but are not limited to, an
unreasonable deprivation of property, and denial of due process,
all against the plaintiff's person.

### II JURISDICTION AND VENUE

    2.  This case alleges violations to the plaintiff's's rights
secured under the Fifth Amendment to the Constitution of the United
States. Therefore, this court has jurisdiction over this case since
this is a federal question case involving civil rights redressable
under 28 United States Code, Sections 1331, 1391 (e), and the

Civil Rights Complaint:
Landa-Rivera v. Hunter, et als

waiver of sovereign immunity contained in 5 United States Code, Section 702. Venue is proper in this district under 28 United States Code, Section 1391 (b).

3.   Plaintiff requests this court to declare the acts and/or omissions of the defendants were unconstitutional under the United States Constitution, and by the return of the defendant vehicle and currency, compensate him in a restitutionary measure for the violation to his constitutional rights, and deter the defendants from further participation in such unconstitutional acts and/or omissions.

4.   Plaintiff's's request for declaratory relief is authorized by 28 United States Code, Sections 2201, 2202, and Rule 57, of the Federal Rules of Civil Procedures.

## II. PARTIES AND PARTICIPANTS.

5.   Marlene Hunter, is the Special Agent In Charge of the San Juan District Office of the Federal Bureau of Investigations ("FBI"), a United States Agency created to investigate, enforce, and cooperate in the prosecution of persons engaged in violations of federal law in the United States and elsewhere, and at all times pertinent to this action, is, and shall be named, a defendant.

6.   Rodolfo Landa-Rivera, of legal age, and presently confined at the Coleman  Federal Penitentiary in Florida, and at all times pertinent to this action, is, and shall be named the plaintiff.

7.   On May 23 , 1997 the plaintiff Rodolfo Landa-Rivera was arrested by Special Agents of the FBI after a grand jury in this

2

district implicated him with his alleged conspiratorial participation in the Loomis Fargo Robbery tried under Criminal No. 97-161 (JAF). A 1991 Blue Honda and $8,800.00 in United States Currency were seized from the plaintiff in connection with his arrest.

8. A the time of the warrantless seizure of the defendant-vehicle and currency, the FBI had no probable cause to believe the defendant-vehicle or the currency had any connection whatsoever to any illegal activity so as to justify the warrantless seizure and continued retention of them.

9. The plaintiff was later remanded to the custody of the United States Marshal at the Metropolitan Detention Center in Guaynabo, where he remained without bail, until the disposition of his criminal charges. The plaintiff is currently under the custody of the Federal Bureau of Prisons serving a 10-year sentence imposed in his case.

10. While the defendants knew, or should had known, that plaintiff was detained without bail at the Metropolitan Detention Center, is currently serving a federal sentence, and has possessory interests in the currency and vehicle, the defendants have failed to provide plaintiff with a personal written notice of the seizure together with the information on the applicable procedures to contest the seizure or proposed forfeiture, as required by the 19 United States Code, Section 1607 (a), and the Civil Asset Forfeiture Refrom Act of 2000, Pub. L. No. 106-185, 144 Stat. 202, which required the FBI to file a forfeiture complaint not more than

3

Civil Rights Complaint:
Landa-Rivera v. Hunter, et als

90-days after the seizure.

11. In so doing the above acts of unconstitutional and administrative misconduct, the defendants knew, or should had known, such conduct deprived plaintiff of his due process rights in that plaintiff has never been provided with a reasonable opportunity to be heard and contest the proposed forfeiture of the defendant currency, all in violation to plaintiff's rights as secured under the Fifth Amendment to the Constitution of the United States redressable under 28 United States Code, Section 1331.

12. In so doing the above acts of unconstitutional and administrative misconduct, the defendants knew, or should had known, such conduct deprived plaintiff of his rights to be free from an unreasonable seizure of his vehicle, in that there is no probable cause to forfeit the defendant-vehicle, and the plaintiff is lawfully entitled to be in possession of his vehicle since the FBI has failed to comply with its statutory duty under 18 U.S.C., § 983 (a)(1)(F) ( Sec. 2 (a)(1)(A)and (v) of the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 144 Stat. 202), to return the defendant-vehicle if no notice of seizure is sent within 60-days of the seizure, all in violation to plaintiff's rights as secured under the Fourth and Fifth Amendments to the Constitution of the United States redressable under 28 United States Code, Section 1331.

13. On December 7, 2000, the plaintiff filed a motion in his criminal case, under Fed. R. Crim. P. 41, requesting that the currency and defendant-vehicle de returned.

4

Civil Rights Complaint:
Landa-Rivera v. Hunter, et als

14. On April 13, 2001, the Honorable Jose A. Fuste issued an order directing the defendants to return to the plaintiff his currency and the defendant-vehicle.

15. On June 11, 2001, the defendants returned plaintiff's currency to his mother. However, they have failed to comply with that part of Judge Fuste's order directing the return of the defendant vehicle.

16. In so doing the above acts of unconstitutional and judicial misconduct, the defendants knew, or should have known, such conduct deprived plaintiff of his rights to be free from an unreasonable seizure of his vehicle, in that there is no probable cause to forfeit the defendant-vehicle, and the plaintiff is lawfully entitled to be in possession of his vehicle, since the district court directed the return of the defendant vehicle, all in violation to plaintiff's rights as secured under the Fourth and Fifth Amendments to the Constitution of the United States redressable under 28 United States Code, Section 1331.

## CLAIM FOR RELIEF

17. The plaintiff incorporates herein by reference the allegations in paragraphs 1 through 16 above.

18. Such conduct by the defendants is indicative of reckless and intentional violations to plaintiff's constitutional rights.

19. By reasons of the above-stated outrageous misconduct on the part of the defendants, the plaintiff has suffered, and will continue to suffer, a reasonable constitutional injury, denial of due process, and unreasonable deprivation of his property.

Civil Rights Complaint:
Landa-Rivera v. Hunter, et als

WHEREFORE, plaintiff demands relief against the defendants in the following manner:

1. An order directing the return of the defendant-vehicle or $14,000, its estimated value), as compensation in a restitutionary measure to plaintiff, for the defendants' violations to plaintiff's due process rights, together with interests, attorneys fees, and costs of suit.

2. A declaratory judgment that the Federal Bureau of Investigations' acts of depriving aggrieved persons of their property, without a personal written notice as contemplated in 19 U.S.C., § 1607 (a) and 18 U.S.C., § 983 (a)(1)(A)(i), and thereafter fail to return the property as directed by the district court, is violative of plaintiff's due process rights secured under the Fourth and Fifth Amendments, and enjoining defendants from any future similar misconduct.

3. Such other and further relief as may be deemed just and proper in this case.

PLAINTIFF DEMANDS TRIAL AS TO ALL ISSUES.

RODOLFO LANDA-RIVERA
PROCEEDING PRO-SE
REG. NUM. 14838-069
FEDERAL CORRECTIONAL COMPLEX
USP-UNIT M
P.O. BOX 1033
COLEMAN, FLORIDA 33521-1033



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
          Plaintiff,

          v.

RODOLFO LANDA-RIVERA,
          Defendant.

CRIMINAL NO.: ~~97-161~~ (JAF)
          97-110

### SECOND MOTION FOR RETURN OF PROPERTY

TO THE HONORABLE JOSE A. FUSTE
UNITED STATES DISTRICT JUDGE
DISTRICT OF PUERTO RICO:

COMES NOW the defendant Rodolfo Landa-Rivera, by and through the undersigned attorney, and respectfully states and requests from this Honorable Court the following:

1. On May 23, 1997, this defendant was arrested by the FBI in connection to the indictment returned in this case.

2. At the time of his arrest, the FBI seized a wallet with personal documentation, a cellular telephone, a beeper, eight thousand ($8,000) dollars in United States Currency, and a 1991 Blue Honda, from this defendant.

3. On December 7, 2000, the plaintiff filed a motion directed to this Honorable Court requesting that the currency and the vehicle de returned.

4. On April 13, 2001, this Honorable Court issued an order directing the FBI to return to the plaintiff all of his personal items.

5. On June 11, 2001, the FBI returned the currency, vehicle, the wallet with personal documentation, a cellular telephone, and

Page -2-

beeper to his mother. However, they have failed to comply with that part of this court's order directing the return of the defendant's vehicle.

6. In so doing the above acts of unconstitutional and judicial misconduct, the FBI knew, or should have known, such conduct deprived this defendant of his rights to be free from an unreasonable seizure of his vehicle, in that the defendant is lawfully entitled to be in possession of his vehicle, since this court directed the return of the vehicle, all in violation to this defendant's rights as secured under the Fourth and Fifth Amendments to the Constitution of the United States.

WHEREFORE, the defendant respectfully requests that this Honorable Court issue an order directing the government to return this defendant's vehicle forthwith, together with attorneys fees, and grant such other and further relief as may be deemed just and proper in this case.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico on this the 6 day of March 2002.


LUIS RAFAEL RIVERA, ESQ.
Attorney for the Defendant
Rivera Law Office

---

We add that at the time the FBI returned this defendant's personal property to his mother, they represented that the vehicle would be returned that same week. Several subsequent telephone calls by this defendant's mother have remained unanswered.

Page -3-

Capital Center, Suite 401
Hato Rey, Puerto Rico 00918
Telephone:  (787) 763-1780
Facsimile: (787) 763-2145

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and exact copy of the foregoing document was hand delivered to: the Office of the United States Attorney for the District of Puerto Rico,

LUIS RAFAEL RIVERA,  ESQ.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

RODOLFO LANDA-RIVERA,
Defendant.

CRIMINAL NO. 97-110 (JAF)

## UNITED STATES' MOTION IN RELATION TO RETURN OF PROPERTY

TO THE HONORABLE COURT:

COMES NOW the United States of America, through its undersigned attorneys, and very respectfully states, alleges, and prays as follows:[1]

On August 3, 2004, defendant Rodolfo Landa-Rivera filed a motion for return of property (Docket No. 516). On September 8, 2004, this Honorable Court ordered the United States to respond no later than September 25, 2004 as to this claim. For reasons beyond the control of the undersigned Assistant U.S. Attorney's, we were not aware of this motion nor the Court's order until this morning (November 19, 2004), when we were notified of a similar order in the case of co-defendant Angel Reyes-Hernández, which prompted us to check that case's docket, learning then that Landa-Rivera's motion and the Court's order had remained unanswered. Only today (November 19, 2004) has a notice of appearance for the undersigned been entered into the docket.

Landa-Rivera's *pro se* motion claims return of a motor vehicle and other property seized inside a motor vehicle. Defendant included two FBI forms:

    (1)    The first form is dated July 31, 1997, showing property seized inside a honda,

---

[1] We hereby call the attention of the Court that we have relied on the information contained in the Court's docket as to motions filed in the past. Due to the age of this case, we do not have the benefit of the documents in the case file. We have made efforts with the FBI to obtain documents which we have included as exhibits in this motion.

United States v. Rodolfo Landa-Rivera
Page 2

and

vehicle, license plate CRK-776; (Attached here as the "**Seizure Form**"),

(2)     The second form is a Receipt of Property form dated August 7, 2001, showing property that was returned to a Carmen M. Rivera, which we surmise is a relative of the defendant.

The only property that appears in both the seizure and return of property forms, is the amount of $3,804.

Information gathered today from the FBI has disclosed the following. The Honda vehicle referred to in the seizure form was seized by the FBI on May 23, 1997. This vehicle is a black 1991 Honda Accord, license plate CRK-776, VIN 1HGCB7664MA012164. On June 29, 2000, said vehicle was returned to its registered owner, Bienvenido Perez-González, as shown by the attached FBI Indemnity Agreement, included herein as **Attachment** 1.

Unless defendant is making reference in his motion to some other vehicle, it appears that the vehicle in question was returned four (4) years ago to its registered owner.

Next Monday we intend to contact FBI Special Agent Marchand, who to our knowledge was not available today, to ascertain whether any other vehicle is included in this matter. In addition the white property listed in the seizure form "...one red shirt, one white jacket, one sweatshirt, and one pair of FILA shorts". We will inform the Court as soon as we have a check into all the white property.

WHEREFORE, in light of the abovementioned situation, the United States respectfully requests that this Honorable Court allow the Government five (5) working days, that is, until November 26, 2004, to report on the whereabouts of the remaining property and to coordinate the

United States v. Rodolfo Landa-Rivera
Page 3

return of any available seized property to defendant or his designee.

RESPECTFULLY SUBMITTED. In San Juan, Puerto Rico, this 19th day of November,

2004.

> H.S. GARCIA
> United States Attorney

> s/José Ruiz-Santiago
> José Ruiz-Santiago
> Assistant U.S. Attorney

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on this date a true and correct copy of the foregoing motion has
been mailed to defendant Rodolfo Landa-Rivera, to his address at FCC Coleman, Florida Sumter
County, Florida.

José Ruiz-Santiago

RECEIVED AND FILED

2003 DEC -2  AM 8: 29

OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

U.S. POSTAGE

SAN JUAN
NOV -7'03
P.R.

CAPARRA HEIGHTS STA

ATTEMPTED-NOT KNOWN

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
ROOM 150 FEDERAL BLDG
SAN JUAN PR 00918-1767

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

YOU COULD HAVE RECEIVED THIS NOTICE YESTERDAY BY FAX.

Just complete and return the authorization below and you
will receive notice of orders and judgments within hours
of their entry.  It's FREE and it's FAST!

Rodolfo E. Landa-Rivera    3:03-cv-01589 2
Reg. No. 14838-069
PO Box 2147
Guaynabo, PR  00922

--------------------

3:03-cv-01589 #2
1 page(s).
11/06/03

--------------------

AUTHORIZATION TO SEND ORDERS AND
JUDGMENTS BY FACSIMILE TRANSMISSION

he Clerk of Court for the District of Puerto Rico is authorized to
ransmit notice of entry of judgment or orders under Fed.R.Civ.P. 77
nd Fed.R.Crim.P. 49 by facsimile transmission of judgments, orders
r notices in any case in which this capability exists, and the
ndersigned appears as attorney in charge.  I understand that this
lectronic notice will be in lieu of notice by mail.
he following telephone number is dedicated for facsimile transmission.

              FAX Phone No:  _____

ignature:  _____    Address:  _____

ttorney Name: _____    _____

SDC-PR No:  _____    Phone No:  _____

ail to:    Clerk, District of Puerto Rico
           Room 150  Federal Bldg
           San Juan, PR 00918-1767

     Control:    CR-hpnotice2-8975

ENTERED ON DOCKET

NOV - 6 2003

PURSUANT

TO FRCP RULES 58 & 79a

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

RODOLFO LANDA-RIVERA

Plaintiff

vs.                                                    CIVIL 03-1589CCC

MARLENE HUNTER, SPECIAL AGENT
IN CHARGE, THE FEDERAL BUREAU OF
INVESTIGATION;
and ONE 1991 BLACK HONDA

Defendants

## JUDGMENT

Plaintiff having failed to pay the filing fee of $150.00 established in 28 U.S.C. §1914, and having also failed to petition to proceed in forma pauperis pursuant to 28 U.S.C. §1915, this action is hereby DISMISSED, without prejudice.

SO ORDERED AND ADJUDGED.

At San Juan, Puerto Rico, on October 31, 2003.

CARMEN CONSUELO CEREZO
United States District Judge

s/cs:to ( / )
attys/pts
in ICMS

NOV - 6 2003

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO



United States of America

v                                    CRIMINAL CASE: 97-110 (JAF)

Rodolfo E. Landa-Rivera

| DESCRIPTION OF MOTION | | |
|---|---|---|
| DATE FILED: 9/1/00 | DOCKET #: 451 | MOTION by Rodolfo E. Landa-Rivera |for Return of Property - Post Trial| |

### O-R-D-E-R

*Government to express its views within 30 days*

_____
11/1/00
DATE

_____
JOSE A. FUSTE
UNITED STATES DISTRICT JUDGE



# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO



UNITED STATES OF AMERICA

    VS.

RODOLFO E. LANDA-RIVERA

CRIMINAL NO. _____97-110_____ (JAF)

---

### DESCRIPTION OF MOTION

DATE FILED:9/1/00 DOCKET: 451

[X] Government    [] Pretrial
[X] Defendant(s)   [] Probation

TITLE: MOTION FOR RETURN OF PROPERTY POST TRIAL (AND RESPONSE THERETO FILED 12/13/00).

---

### O-R-D-E-R

*Granted. See ¶ 74*

_____ 3 30 01
DATE

_____
JOSE A. FUSTE
U.S. DISTRICT JUDGE

481

OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

RICHARD CUSHING DONOVAN
CLERK

JOHN JOSEPH MOAKLEY
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2500
BOSTON, MA 02210
(617) 748-9057

October 19, 2004

Mr. Rodolfo E. Landa-Rivera
Reg. 14838-069
Federal Bureau Correction Prison
P.O. Box 1033
Coleman, FL  33521-1033

Dear Mr. Landa-Rivera:

I am returning the enclosed materials to you at this time because none of the case numbers on any of the materials correspond to any case currently pending in this court. Further, it is unclear as to whether you are attempting to initiate an original proceeding in this court, and, if so, what sort of proceeding.

This court is a court of appeals. Civil complaints should be filed in the district court. If your intent is to appeal a district court order or judgment, a notice of appeal should be filed in the district court pursuant to Federal Rules of Appellate Procedure 3 and 4. See also 28 U.S.C. § 1291 (governing appeals of final decisions) and § 1292 (governing interlocutory appeals).

Yours sincerely,

Richard C. Donovan, Clerk

By: _____

Margaret Carter, Chief Deputy Clerk

Enclosure

FD-597 (Rev. 3-29-93)

**UNITED STATES DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF INVESTIGATION**
Receipt for Property Received/Returned/Released/Seized

Page _1_ of _1_

On (date) _7/31/97_

Time: _10:45 PM_

item(s) listed below were:
- [X] Received From
- [ ] Returned To
- [ ] Released To
- [ ] Seized

(Name) _RGI BLACK/White Honda_

(Street Address) _PR. Tag CRK-776_

(City) _____

Description of
Item(s):

1 - $3,804.68 cash - (4 - 1$ bills, 190 - $20. bills)
    (11 - nickels, 13 - 1¢)

2 - CD's a) LAURA PAUSINI, b) boricua Guerrero (7th EP.)
    c) Minerva (desear Soñar), d) The new prophecy (baby Rasta ys Gringo.)
    E) Fey (Tierra la Noche) F) SHAKIRA (DESCALZADOS)
    G) ENRique Iglesias (Vivir).

3 - Oakley (glasses) gray bag.
4 - one pair of FILA Shorts.

Received by _(Signature)_        Received from _(Signature)_

**United States District Court
for the District of Columbia
Clerk's Office
333 Constitution Avenue, NW
Washington, D.C. 20001**

Nancy Mayer-Whittington
Clerk

RECEIVED & FILED

04 DEC -8 PM 3: 47

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN P.R.

**December 3, 2004**

04- 2349 JAF

Clerk's Office
United States District Court
for the District of Puerto Rico
150 Federico Degetu Federal Bldg.
150 Carlos Chardon Avenue
Hato Rey, PR 00918

**RE: 04-cv-1966**

Dear Clerk:

On November 12, 2004, this Court signed an order transferring the above-entitled case to your Court. Enclosed is a copy of that order together with certified copies of our electronic case file, and a certified copy of the docket entries.

Please acknowledge receipt of our file on the duplicate copy of this letter. Please indicate your case number somewhere on the receipt.

NANCY MAYER-WHITTINGTON,   Clerk

By: _____

Regina B. Larry, Jury Deputy Clerk

cc: counsel of record

# Complaints and Other Initiating Documents

3:04-cv-02349-JAF Landa-Rivera v. Departamento de Correccion y Rehabilitation et al

## United States District Court

### District of Puerto Rico

Notice of Electronic Filing

The following transaction was received from entered on 12/13/2004 at 9:58 AM AST and filed on 12/8/2004

**Case Name:** Landa-Rivera v. Departamento de Correccion y Rehabilitation et al
**Case Number:** 3:04-cv-2349
**Filer:** Rodolfo E. Landa-Rivera
**Document Number:** 4

**Docket Text:**
Case transferred in from District of Columbia; Case Number 1:04CV01966 UNA. Original file with documents numbered 1-3, certified copy of transfer order and docket sheet received, filed by Rodolfo E. Landa-Rivera. (Attachments: # (1) Copy of Docket Sheet# (2) Transfer Order# (3) Motion to Proceed in Forma Pauperis# (4) Copy of Complaint)(ct, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051795991 [Date=12/13/2004] [FileNumber=417226-0
] [0d430464233bf4ae7759e2e4a0aa031281a90e6de5e55c27d980a2b5cafd9380e13
7a9bf2f1fc9dcbdaafb129789af8301fd3edf1602466521d78854645e0701]]
**Document description:** Copy of Docket Sheet
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051795991 [Date=12/13/2004] [FileNumber=417226-1
] [08a2e1b64efd789cdab576b7dac21697a9ae4b04234c1d958371b542cf7a06f05bb
36a03945a9599a5948e8337145e57567c3e6b3f3d4fbe2b73d2bffbaf85d4]]
**Document description:** Transfer Order
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051795991 [Date=12/13/2004] [FileNumber=417226-2
] [a187395ef82f88045df9eb40f9c22d08ae69b8896ec5094b09349f60c6bd282a80b
b12b04012aedaa1d1ff0387fcb026b4a7f770852b557ce412a0dc9fc9fed1]]
**Document description:** Motion to Proceed in Forma Pauperis
**Original filename:** n/a

Mr. Rodolfo Lando
Reg.No.#14838-069
Federal Correctional Complex-USP
M-Unit
P.O. Box 1033
Coleman, Florida  33521-1033


July 20th, 2003


Clerk Of The Court
United States District Court
District Of Puerto Rico
Room 150 Federal Building
San Juan, Puerto Rico  00918-1767


In Re:    STATUS REPORT UNDER CIVIL RIGHTS COMPLAINT FOR DECLARATORY
          AND EQUITABLE RELIEF FOR DUE PROCESS VIOLATION FILED    ON
          THE 12th DAY OF NOVEMBER, 2002

Dear Clerk Of The Court!

    I hope this request finds you well.  I'm respectfully request-
ing a status report on a 'Civil Rights Complaint' for  declaratory
and equitable relief for due process violation which was docket in
this court on the 12th day of November, 2002.  Please find     en-
closed with this request, a copy of said complaint.  A period    of
five months have elapsed since this complaint has been docket   in
this court, and I'm respectfully requesting a status of said   com-
plaint.  With that, I would like to personally thank you in     ad-
vance for your time and assistance in this matter, Thank You!

                            _Rodolfo E. Landa Rivera._
                            **Respectfully Submitted**

UNITED STATES District
Court Federal CourtHouse
1550 Main Street, Room 539
Springfield, Massachusetts
Zip 01103-1422

RODOLFO E. LANDA-RIVERA,

      Plaintiff,             CIVIL DOCKET No. 04-2349 (JAF)
                             CIVIL Docket No. 97-110

vs.


MARLENE HUNTER, SPECIAL
AGENT IN CHARGE, FEDERAL
BUREAU OF INVESTIGATION
DEPARTMENT,

      Defendant.

---

> **42 U.S.C. § 1983**
> **CIVIL COMPLAINT**
> **JURY TRIAL**

    This action has been mentioned for the Federal Bureau
Defendant Marlene Hunter to give the Plaintiff, Mr. Rodolfo E.
Landa-Rivera, back his vehicle that has resulted in a violation
to the Plaintiff, Mr. Rodolfo E. Landa-Rivera's rights as secured
by the (14th) Amendment and the (5th) Amendment to the Constitu-
tion of the Constitution of the United States.

    These violations consisted of correcting a timely Order
where Defendant Marlene Hunter's unreasonableness and her
deprivation of the property and her denial of the due process,
which Defendant Marlene Hunter is a Special Agent that was in

charge of the San Juan District Office of the Federal Bureau of Investigation of the F.B.I.. Defendant Marlene Hunter is also responsible for the loss of property of the Plaintiff, Mr. Rodolfo E. Landa-Rivera.

## Jurisdiction and Venue:

This case alleges many violations to the Plaintiff, Rodolfo E. Landa-Rivera's rights secured under the (5th) Amendment of the United States Constitution, therefore, this Court has jurisdiction over this matter and this case since it's a federal question of violation that involves civil rights redressable under 28 U.S.C. § 1331, following 28 U.S.C. § 1339(e) and for Waiver of Sovereign Immunity contained in 5 U.S.C. § 702. Venue is proper is this District under 28 U.S.C. § 1391(B).

Plaintiff, Mr. Rodolfo E. Landa-Rivera, have requested this Court to declare the wrongful acts, that on May 23, 1997, the Plaintiff, Mr. Rodolfo E. Landa-Rivera, was arrested by Special Grand Agents. The Federal Agents took a black Honda from the Plaintiff, Mr. Rodolfo E. Landa-Rivera.

The Plaintiff, Mr. Rodolfo E. Landa-Rivera's attorney argued the wrongful acts of the F.B.I. that had no probable cause to believe the Plaintiff, Mr. Rodolfo E. Landa-Rivera's vehicle and currency had any connection to any illegal activity so as to justify the warrantless seizure and the continued detention of them.

- 2 -

Defendant Marlene Hunter was in charge of the Federal Bureau of Investigation. Defendant Marlene Hunter is being sued for $500,000.00 dollars for the violation of the Plaintiff, Mr. Rodolfo E. Landa-Rivera's human rights and equal rights and her performance of reckless conducts she have refused to provide Plaintiff, Mr. Rodolfo E. Landa-Rivera, with a written statement or notice whereabout the vehicle of the seizure contest or proposed forfeiture, as required by the 19 U.S.C. § 1607(A) and The Civil Asset Forfeiture Reform Act of 2000. Pub.L.No. 106. 18. 144. Stat. 202, which required Defendant Marlene Hunter to file a forfeiture complaint not more than 90 days after the seizure following her acts of unconstitutional and her administration misconducts the Defendant Marlene Hunter is being sued; she knew or should have known such conducts deprived the Plaintiff, Mr. Rodolfo E. Landa-Rivera's rights.

Defendant Marlene Hunter is being sued that on April 13, 2001, the Honorable Judge Jose A. Fuste, issued an Order Directing the Defendant, Marlene Hunter, to return to the Plaintiff, Mr. Rodolfo E. Landa-Rivera's currency to his mother, however, they have failed that part also from Judge Jose A. Fuste's Order Directing the return of the vehicle.

In so doing the above act unconstitutional and judicial misconduct, the Defendant, Marlene Hunter's judicial misconducts deprive Mr. Rodolfo E. Landa-Rivera's rights.

Defendant Marlene Hunter is being sued for the (4th) Amendment violation and the (5th) Amendment to the Constitution

- 3 -

of the United States. This civil suit is redressable under 28
U.S.C. § 1331.

Clerk of the Court
United States District
Court Federal Court House
1550 Main Street, Room 539
Springfield Massachsetts
Zip 01103-1422


RODOLFO E. LANDA-RIVERA,

        Plaintiff,            CIVIL DOCKET 04-2349   JAF
                                      Civil No, 97-110

vs.


MARLENE HUNTER
IN CHARGE OF THE
FEDERAL BUREAU
INVESTIGATION DEPARTMENT,

        Defendant.


## JURISDICTION


    Followinf the deprivation of rights secured by the (6th) Amendment, No person shall be deprived of life or liberty or properly without due process of law the (7th) Amendment in this civil lawsuit pursue to collecting $500,000.00 dollar where the value as compensation and restitutionary measure to the Plaintiff, Mr. Rodolfo E. Landa-Rivera.

    Plaintiff, Mr. Rodolfo E. Landa-Rivera, is entitled to a hearing by the Defendant, Marlene Hunter's prejudice.


- 5 -

UNITED States District
Court Federal CourtHouse
1550 Main Streets Room 539
SpringField Massachusetts
Zip 01103 - 1422

MR. RODOLFO E. LANDA-RIVERA,

      Plaintiff,           CIVIL DOCKET  04- 2349  (JAF)

                                     Civil No. 97- 110

vs.


MARLENE HUNTER, SPECIAL AGENT
IN CHARGE, THE FEDERAL BUREAU
OF INVESTIGATION DEPARTMENT,

      Defendant.

---

## VERIFICATION

Plaintiff, Rodolfo E. Landa-Rivera, reallege and state that 42 U.S.C. § 1983 Obstructing Justice is true and correct to the best of my knowledge a copy of the Judgment Order is mailed to this Court.

- 6 -

The Plaintiff, Rodolfo E. Landa-Rivera, demands $500,000.00 dollar relief against Defendant Marlene Hunter. Defendant Marlene Hunter is being sued for theft and never returning the vehicle to the Plaintiff, Rodolfo E. Landa-Rivera's mother and my father and of this day, my mother and my father have constantly phoned Marlene Hunter and the Defendant, Marlene Hunter, is still lying to my mother and look at how maby years it has been and for my mother and my father to accept lies from her as a up right F.B.I. officer under false pretense and Defendant Marlene Hunter is being sued.

> Defendant Marlene Hunter
> United States District Court
> Courtroom 150
> Federal Building
> San Juan, P.R. 00918
> 1767

- 7 -

Clerk

United States District Court
Federal Court House
1550 Main Street Room 539
Springfield, Massachusetts
Zip 01103 - 1422

MR. RODOLFO E. LANDA-RIVERA,

        Plaintiff,

vs.

MARLENE HUNTER
SPECIAL AGENTS
OF INVESTIGATION

       Defendant.

CIVIL DOCKET 04 - 2349 (J.A.F)
Civil No. 97 - 110

## SUMMONS

    To the above Defendant Marlene Hunter, Special Agent for the Federal Bureau Department of Investigation. You are hereby summoned and required to serve upon Special Agent of the Federal Bureau Department of the United States District Court for the District of Appeal Judge Joseph Monkley, United States Courthouse, 1 Courthouse Way, Suite 2500, Boston, Massachusetts 02210, Official Business.

- 8 -