UNITED STATES DISTRICT COURT
FEDERAL COURTHOUSE
1550 MAIN STREET
ROOM 539
SPRINGFIELD, MASSACHUSETTS
ZIP 01103-1422

MR. RODOLFO LANDA RIVERA,

    Plaintiff,      Civil Action No. 97-110-6
                            No. 04-12576 RCL

vs.

MS. MARLENE HUNTER
SPECIAL AGENT IN CHARGE
OF THE FEDERAL BUREAU OF
INVESTIGATION,

    Defendant.

## 42 U.S.C. § 1983
### TORT CLAIMS
### WRIT OF EXECUTION
### SETTLEMENT SCHEDULE

Following these rules of the (6th) Amendment governed by the Administration of the United States District Court, District of Puerto Rico, Case No. 97-110-6 before Judge Jose A. Fuste, the Plaintiff Rodolfo Landa Rivera motion were never granted or considered from a direct order for the Court and the U.S. Attorney, Mr. Timothy L. Faerber of the U.S. Attorney that denied the Court Order by not following instrcutions.

The Plaintiff Rodolfo L. Rivera file to this Court of the United States District Court, District of Puerto Rico for a hearing on this date 10/13/2004 but the motion was denied.

and the Plaintiff filed a motion to return of property by Honorable Judge Jose A. Fuste and the motion was *denied* on this date 12/4 of 2003. Plaintiff Rodolfo Landa Rivera file a post trial as to the Plaintiff Rodolfo Landa Rivera and motion for a hearing on this settlement and now being resubmitted before a mediator in this State of Boston.

The United States District Court, District of Puerto Rico have been un-consider and the U.S. Attorney Mr. Timothy L. Faerber, United States Attorney have also fax the Plaintiff Rodolfo Landa Rivera on this civil lawsuit the property were also taken, as well, and never returned the vehicle that were confiscated from the Plaintiff Rodolfo Landa Rivera the day of arrest.

By the respect of this Court of Boston I don't have a problem consolidating these civil actions, 97-110-6 and Civil Action 04-12576 RCL to discuss the loss of his property where the U.S. Attorney failed to follow a Order by Judge Jose A. Fuste and where this U.S. Attorney, Mr. Timothy L. Faerber refused to settle or consider the litigant.

It was not appropriate for the attorney to dismiss neither the Plaintiff Rodolfo Landa Rivera Court Order, directing the U.S. Attorney to give the property back to the Plaintiff's mother, Ms. Carmen Rivera by the Honorable Jose A. Fuste recommending to the Plaintiff Rodolfo Landa Rivera this motion is properly filed as a $500,000 dollar civil lawsuit with the help of a trained neutral third party which the

Court Judge Carmen C. Cerezo never reached a settlement on his Civil Action 97-110-6 and this rule applies when a court Judge Carmen C. Cerezo can't reach to settle a claims this matter only apply to a mediator proceeding that are formally conducted through the United States District Federal Courthouse, 1550 Main Street, Room 539, Springfield, Massachussets, zip 01103-1422, of the mediation program and nothing in these rules shall preclude the litigants from their independently retaining a provate mediator or other courts to facilitate a negotiation in my civil action No. 04-12576 RCL for a court settlement schedule it is understood that a mediation purpose and scope of rules.

Now the Plaintiff Rodolfo Landa Rivera is going into this Court of the United States District Federal Courthouse 1550 Main Street, Room 539, Springfield, Massaxhusetts, Zip 01103-1423.

This party of a mediator is flexible non-binding confidential process in which a neutral lawyer mediator facility settlements negotiations, the mediator improve communications a cross party lines help parties articulate their interest and understand those of their opponent probes the strength and weaknesses of each party legal positions and help identify common key legal and factual issues identify common interest and areas of agreement and help generate options for a mutuallyand agreeable resolution of a dispute is appropriate this court have not provided a mediator or evaluation of the merits of the Civil Action 97-110-6.

The results the Plaintiff Rodolfo Landa Rivera have been

- 3 -

receiving is not satisfying to the litigant's than those that results from a judicial disposition of a claim it appear that neither court did not make a mediation service to the litigants on pro-se basis such as the Plaintiff Rodolfo Landa Rivera Civil Action Tort Claims under 42 U.S.C. § 1983 this rule apply when a Judge Carmen C. Cerezo can't reach to settle a claim following the mediator program or other (ADR) professional to facilitate a negotiation.

It is understood by L C V R 84 Mediation purpose and scope of rules now the Plaintiff Rodolfo Landa Rivera going into L.C.V.R. 84.2 and this description of a mediator is a flexible non-binding a hallmark of mediation is it a capacity to expand the traditional settlement for discussion and broading the resolution options by exploring litigant needs and interest that maybe independent of a legal issues in a controversy.

Ain't it the understanding of the Supreme Court rule that a mediator's has no authority to render a decision or to dictate a settlement following L.C.V.R. 84.3 Mediator of this court which this Judge Carmen Cerezo did not maintain a panel of mediator's service by not serving in the mediator program which would have been selected in time by the Court applications submitted by lawyer willing to serve on volunteer dispute resolution may also serve as mediators in this Civil Action 97-110-6.

Plaintiff Rodolfo Landa Rivera qualification is not recognized on his part as a trained litigant or jailhouse

- 4 -

lawyer but in the Court Mediation Program shall be a lawyer or member of the Bar of this Court and shall successfully complete training or required by the Court and following in addition the minimum requirement for serving on the Court panel of Mediator which the Judge Carmen Cerezo appears to refuse to modify the individual of the Plaintiff Rodolfo Landa Rivera Civil Action No. 97-110-6.

Of the circumstance are as following a mediator must and should have been admitted to the dispute resolution that the litigant could have been acknowledged because the motion was granted and if the Court Judge Carmen Cerezo would have not been so temperment of not training to listening would have direct a settlement negotiations by all lawyer serving as mediator in the Court Mediator Program are performing quasi judicial functions and shall be entitled to absolute quasi judicial immunity for facts performed within the scope of their official duty following the Civil Action 97-110-6.

This Judge Carmen Consuelo Cerezo and the Court should have follow the rules L.C.V.R. 84.4 referral to the Mediation subject to the availability of qualified mediator by encouraging litigants to submit to mediation voluntarily and entering a consent order.

By referring the case to Boston to the Executive Office by requiring litigants to participate after giving them an opportunity in response to an Order to Show Cause, to explain why mediator would not be appropriate in this Case

97-110-6.

Plaintiff Rodolfo Landa Rivera and this Court Judge Carmen C. Cerezo to review local rule 16.3 requires counsel to meet within (15) days after the enters of appearance which this Civil Action No. 97-110-6 was transferred to your Court and file to your Court by the Plaintiff Rodolfo Landa Rivera and following Rule 16.3 which requires for counsel to meet within a proper time after the order have enter appearance in this Civil Action 97-110-6 to discuss with a mediator that appropriate to submit their views to this Court the counselor must indicate whether they discussed with their clients before their report.

This is a violation of the (6th) Amendment timing of referral this Civil Action 97-110-6 should be referred to mediation with the consent of the assigned Judge Jose A. Fuste, and that this Court hereby order that all discovery documents hereby be settle and confronted and so completed by Memorandum within this date 2/15 for 2005 service by the Honorable Judge Jose a. Fuste of this District United States District Court, District of Massachusetts, Office of the Clerk, Federal Building and Courthouse 1550 Main St., Springfield, Massachusetts 01103.

The Court of Appeals for the Second Circuit has promulgated rules for the District Court in that Circuit by establishing that the Government must be ready for trial within 60 days of the date Honorable Judge Royce Lamberth Memorandum were completed, except in un-usual circumstances:

This Civil Action 97-110-6 by the Court and Judgment by Default should have been awarded and never the less, this rule

is recommended by the Bar the American Bar Association, the

Plaintiff Rodolfo Landa Rivera have no power of authority

or duty as well as the duty of insuring that the inconsistent

of the existence of the most basic right preserved by our (6th)

Amendment Constitution right to trial.

I understand that a false statement or answer to any question

in this affidavit will subject me to penalty for perjury.

*Rodolfo E. Landa Rivera*

Subscribed and Sworn to Before me this  15th  day of  February



My Commission Expires:

Let the Applicant Proceed
without pre-payment of cost
of the necessary giving
security thereof

- 7 -

```
MIME-Version:1.0
From:prd_docketing@prd.uscourts.gov
To:prd_docketing@prd.uscourts.gov
Bcc:prd_pretrial@prd.uscourts.gov,prd_probation@prd.uscourts.gov,PRD_JAF@prd.uscourts.gov,angierojas@p
Message-Id:<457526@prd.uscourts.gov>
Subject:Activity in Case 3:97-cr-00110-JAF USA v. Cartagena, et al "Order on Motion for Return of Prop
```
/PostTrial" Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS***You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

United States District Court

District of Puerto Rico

Notice of Electronic Filing

The following transaction was received from mrj, entered on 2/2/2005 at 2:51 PM AST and filed on 2/2/2005
**Case Name:**        USA v. Cartagena, et al
**Case Number:**      3:97-cr-110
**Filer:**
**Document Number:** 532

**Docket Text:**
ORDER finding as moot [516] Motion for Return of Property/PostTrial as to Rodolfo E. Landa-Rivera (6); denying [530] Motion for Hearing as to Rodolfo E. Landa-Rivera (6). Signed by Judge Jose A Fuste on 2/2/05. (mrj, )

The following document(s) are associated with this transaction:

**3:97-cr-110-6 Notice will be electronically mailed to:**

Rafael F. Castro-Lang     rafacastro@prtc.net, angierojas@prtc.net

Luis R. Rivera-Rodriguez     lrriver@coqui.net

David W. Roman     roman@bandulaw.com, usdc@bandulaw.com

Jose A. Ruiz-Santiago     jose.ruiz3@usdoj.gov, carmen.lasanta@usdoj.gov

**3:97-cr-110-6 Notice will be delivered by other means to:**

Timothy L. Faerber
United States Attorney's Office
Northern District of Florida
21 East Garden Street
Suite 400
Pensacola, FL 32502