UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RODOLFO E. LANDA-RIVERA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-12576-RCL |
| | ) | |
| MARLENE HUNTER, Special Agent | ) | |
| in Charge-Federal Bureau of | ) | |
| Investigation, | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

For the reasons stated below, (1) plaintiff's Application to Proceed Without Prepayment of

Fees is denied without prejudice; (2) plaintiff's motion for writ of execution is denied; and (3) this action

is dismissed.

BACKGROUND

On December 1, 2004 plaintiff Rodolfo E. Landa-Rivera, now incarcerated at Coleman USP in

Florida, submitted for filing his self-prepared, civil rights complaint accompanied by an Application to

Proceed Without Prepayment of Fees and Affidavit ("Application).

Plaintiff filed a complaint against a special agent for the Federal Bureau of Investigation seeking

relief under 42 U.S.C. § 1983 in connection with the seizure of certain property during his arrest on

May 23, 1997.  Plaintiff seeks monetary damages n the amount of $500,000.  Plaintiff complains,

among other things, that by federal court order dated April 13, 2001, the defendant was ordered to

return certain property to plaintiff and/or his mother and failed to do so.

A search of PACER, the federal judiciary's electronic public access system, reveals that Mr.

Landa-Rivera is referencing his post-trial motion seeking the return of his property that was granted in

United States v. Landa-Rivera, C.R. No. 97-110-JAF-6 (Apr. 2, 2001).  A close examination of the

docket sheet for Mr. Landa-Rivera's criminal action discloses the fact that the government is currently

investigating the whereabouts of Mr. Landa-Rivera's property and has been ordered by Judge Fuste to

keep that Court informed of developments concerning Mr. Landa-Rivera's property.  See 12/2/04

Order, United States v. Landa-Rivera, C.R. No. 97-110-JAF-6.

In addition to seeking the return of his property in his criminal case, Mr. Landa-Rivera has also

filed two civil actions in the District of Puerto Rico that are identical to the instant action.  See Landa-

Rivera v. Hunter, C.A. No. 03-1589-CC  (D.P.R. Nov. 6, 2003) (dismissing without prejudice for

failure to pay the filing fee or file a fee-waiver application); Landa-Rivera v. Hunter, et al., C.A. No.

04-2045-DRD (D.P.R. Oct. 5, 2004) (complaint filed; action pending).

DISCUSSION

I.      Plaintiff's IFP Application is Denied

To proceed with an action in forma pauperis, a prisoner must complete an Application to

Proceed Without Prepayment of Fees and Affidavit and return it to the court with a certified copy of

the prisoner's trust account statement showing the transactions for the previous six months.  See 28

U.S.C. § 1915 (a)(1), (a)(2).

Here, plaintiff submitted an Application to Proceed Without Prepayment of Fees as required

under Section 1915(a)(1).  Although plaintiff submitted a document containing certain account

information, he failed to provide a six-month account statement as required by Section 1915(a)(2).

Without such statement, the Court is unable to evaluate plaintiff's financial status.  Ordinarily, a prisoner

2

will be granted additional time to file a prison account statement.  However, because this action is

subject to dismissal, the Court will not grant plaintiff additional time to file a copy of his prison account

statement.

    II.  <u>The Instant Action is Duplicative of Pending Action in District of Puerto Rico</u>

The Supreme Court has identified a general policy that duplicative litigation in federal courts

should be avoided.  <u>See</u> <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800,

817 (1976) ("As between federal district court . . . the general principle is to avoid duplicative

litigation.") (dicta).  Here, plaintiff's complaint is subject to dismissal because plaintiff's claims

concerning the return of his property have already been raised in actions that are now pending in the

United States District Court for the District of Puerto Rico.  <u>See</u> <u>e.g.</u>, <u>Curtis v. DiMaio</u>, 46 F. Supp. 2d

206, 215 (E.D.N.Y 1999) (dismissing duplicative complaint and observing that "[i]t it well established

that federal district courts possess the power to administer their dockets in a manner that conserves

scarce judicial resources and promotes the efficient and comprehensive disposition of cases"), <u>aff'd on</u>

<u>other grounds</u>, 205 F.3d 1322, 2000 WL 232060 (2d Cir. 2000); <u>cf.</u> <u>Curtis v. Citibank, N.A.</u>, 226

F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court

may stay or dismiss a suit that is duplicative of another federal court suit."); <u>Congress Credit Corp. v.</u>

<u>AJC Int'l, Inc.</u> 42 F.3d 686, 689 (1st Cir. 1994) ("A district court may certainly dismiss an action

which is merely 'duplicative' of another action pending in another federal court."); <u>Cianbro Corp. v.</u>

<u>Curran-Lavoie, Inc.</u>, 814 F.2d 7, 11 (1st Cir. 1987) ("Where identical actions are proceeding

concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the

first filed action is generally preferred . . . ."); <u>I.A. Durbin, Inc. v. Jefferson Nat'l Bank</u>, 793 F. 2d

1541, 1551-52 (11th Cir. 1986) ("Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court."); R.W. Granger & Sons, Inc. v. Rojac Co., Inc., 885 F. Supp. 319, 323 (D. Mass. 1995) ("In general, a district court has inherent power to decline to exercise jurisdiction over a cause when an adequate, alternative forum is available.").

Here, the instant action is duplicative of the claim plaintiff filed against defendant Hunter in the United States District Court for the District of Puerto Rico. See Landa-Rivera v. Hunter, et al., C.A. No. 04-2045-DRD (filed Oct. 5, 2004). That action was filed several weeks before the filing of the instant action in this Court on December 1, 2005. It is in the interest of judicial efficiency that the assigned judge in that action continue to be the arbiter of the matters surrounding plaintiff's claims.

### ORDER

Based upon the foregoing, it is hereby

ORDERED, plaintiff's Application to Proceed Without Prepayment of Fees (Docket No. 1) is denied without prejudice; and it is further

ORDERED,  plaintiff's Motion for Writ of Execution (Docket No. 3)  is denied; and it is further

ORDERED, this action is dismissed.

SO ORDERED.

Dated at Boston, Massachusetts, this   29th  day of  March   , 2005.


 /s/ Reginald C. Lindsay
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE